IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| *Grand Canyon Trust*,<br><br>          Plaintiff,<br><br>v.<br><br>*Energy Fuels Resources*,<br><br>          Defendant. | **SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br>Case No. 2:14-cv-00243-CW-BCW<br><br>*District Judge Clark Waddoups*<br><br>*Magistrate Judge Brooke C. Wells* |

Pursuant to Fed. R. Civ. P. 16(b), Magistrate Judge Wells[1] received the Attorneys' Planning Report filed by counsel.  The case was initially assigned to Magistrate Judge Furse. The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

This Court ORDERS the Initial Pretrial Hearing set to be heard by Magistrate Judge Furse for August 13, 2014, at 11:00 a.m. VACATED.

**1.        PRELIMINARY MATTERS                                                                    DATE**

      Nature of claims and any affirmative defenses:

      **Plaintiff's claims** involve alleged violations of Clean Air

      Act radon emissions limits and work practice standards at

      the uranium mill near White Mesa, Utah.  Plaintiff plans

      to present the liability phase of the case on Claims 1 & 2

      with the filing of summary judgment motions.  Plaintiff

      anticipates providing statutory notice of additional Clean

      Air Act violations and may amend its Complaint to

      include an additional claim or claims.  Depending on the

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).  The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

resolution of summary judgment, the case may require further proceedings and a penalty phase that might involve a trial and trial preparation.

**Defendant's affirmative defenses**   The affirmative defenses are set forth at pages 18-21 of the Answer. Defendant Energy Fuels Resources (USA) Inc. ("Energy Fuels") has remained in compliance with the requirements of the Clean Air Act and 40 CFR Part 61, Subpart W ("Subpart W") at all times.  The affirmative defenses are based upon, among other facts, prior permits and approvals by state and federal authorities that have found Energy Fuels to be in compliance with the requirements of Subpart W.

| | | |
|---|---|---|
| a. | Was Rule 26(f)(1) Conference held? | _07/17/14_ |
| b. | Have the parties submitted the Attorney Planning Meeting Form? | _07/23/14_ |
| c. | Deadline for 26(a)(1) initial disclosure? | 08_/19/14_ |

**2.**   **DISCOVERY LIMITATIONS**                                                                                    **NUMBER**

Plaintiff and Defendant agree that the case should proceed in two phases.  Phase 1 of the case should focus exclusively on the issue of liability ("Phase 1") and Phase 2 of the case, if necessary, should be focused on remedies, including whether injunctive relief and/or penalties are appropriate and, if so, the extent of the same ("Phase 2"). The discovery limitations here are applicable to Phase 1 only.  The Court should defer setting any Phase 2

deadlines until such time as the Phase 1 issues are finally resolved. **The parties will meet and confer and submit a new proposed Scheduling Order within 30 days of resolution of the Phase 1 issues.**

| | | |
|---|---|---|
| a. | Maximum Number of Depositions by Plaintiff(s) | 5 |
| b. | Maximum Number of Depositions by Defendant(s) | 5 |
| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | 7 |
| d. | Maximum Interrogatories by any Party to any Party | 10 |
| e. | Maximum requests for admissions by any Party to any Party | 10 |
| f. | Maximum requests for production by any Party to any Party | 10 |

g. The Parties shall handle discovery of electronically stored information as follows:

The parties agree to the following procedures for the preservation, disclosure and management of any requests to produce electronically stored information: The party serving the discovery request may request that any electronically stored information that is subject to discovery and not subject to a claim of privilege be produced in its native format (including metadata), hard copy or PDF format. In the event that a party cannot, in good faith, process or review a document requested in native format, then the document shall be produced in Portable Document Format ("PDF") with optical character recognition. The parties reserve the right to seek an allocation of costs, or other legal protection, in accordance with Federal Rule of Civil Procedure 26(b)(2)(B). The foregoing sentence shall not be construed to modify, diminish, or create any rights or duties, nor to inform or influence the requirements and application of the Federal Rules of Civil Procedure relating to discovery.

The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).*

The parties agree that in the event that a disclosing party inadvertently produces privileged or trial preparation materials, it will immediately notify the requesting party of such disclosure. After the requesting party is so notified, it will return, sequester or destroy all such information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection of the trial

protection material is resolved.  The parties further agree that should material protected by the attorney-client privilege and/or the work product doctrine be inadvertently produced during discovery, such material will not constitute a general waiver of privilege.  Finally, the parties agree that they will attempt to resolve disputes regarding the assertion of the privilege between themselves and if unable to do so, will file a motion with the court for in camera review and decision on the issue.

|   |    |    |
|---|----|---:|
| i. | Last day to serve written discovery: | 1/15/2015 |
| j. | Close of fact discovery: | 3/30/2015 |
| k. | (*optional*) Final date for supplementation of disclosures and discovery under Rule 26 (e): | |

| 3. | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2] | **DATE** |
|---|---|---:|
| *a.* | *Last Day to File Motion to Amend Pleadings* | *10/1/14* |
| *b.* | *Last Day to File  Motion to Add Parties* | *10/1/14* |
| **4.** | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| a. | Parties bearing burden of proof | 1/30/2015 |
| b | Counter reports | 2/27/2015 |
| **5.** | **OTHER DEADLINES** | **DATE** |
| a. | Last day for Expert discovery | 3/30/2015 |
| b. | Deadline for filing dispositive or potentially dispositive motions on liability | 4/30/2015 |
| c. | If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date. | N/A |

---

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   |   |   |   |
|---|---|---|---|
| | d. | Deadline for filing partial or complete motions to exclude expert testimony | 5/30/2015 |
| 6. | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
| | a. | Referral to Court-Annexed Mediation: | *No* |
| | b. | Referral to Court-Annexed Arbitration | *No* |
| | c. | The parties will complete Private Mediation/Arbitration by: | *N/A* |
| | d. | Evaluate case for Settlement/ADR on | Resolution of summary Judgment |
| | e. | Settlement probability: | *Low* |

**7.    TRIAL AND PREPARATION FOR TRIAL**

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial/phase 2 on damages.
Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 1st quarter of 2016.

**8.    OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all such motions and Motions in Limine well in advance of the Final Pre Trial.

Signed August 6, 2014.

BY THE COURT:

Evelyn J. Furse
U.S. Magistrate Judge